## UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102



DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
(973) 645-2606

**NOT FOR PUBLICATION**

April 17, 2013

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Lowenstein Sandler LLP
John K. Sherwood, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
***Counsel for the Debtor***

Cooley LLP
Richard S. Kanowitz, Esq.
1114 Avenue of the Americas
New York, New York 10036
***Counsel for the Official
Committee of Unsecured Creditors***

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Michael D. Sirota, Esq.
David M. Bass, Esq.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
***Counsel for April Vreeland Associates, LLC***

Re:   **In re Big M, Inc.**
      **Case No: 13-10233 (DHS)**

Dear Counsel:

The Court has signed and entered the parties' stipulation resolving many of the issues raised in relation to the Committee's motion to compel production of certain documents and communications involving the Debtor and related entities, including April Vreeland. As to the remaining question of whether the Committee, as an estate representative charged to bring certain causes of action, controls or shares the applicable privilege with the Debtor relating to those actions and could direct the Debtor, through waiver, to produce or share communications that would otherwise be protected from disclosure by privilege, the Court finds that the Committee does not.

Page 2
April 17, 2013

    This Court finds no authority, nor has it been presented with any, to support the Committee's position. While courts have recognized that a debtor's right to assert or waive the attorney-client privilege against discovery is passed to the estate or an appointed trustee upon filing for bankruptcy, or the subsequent appointment of a trustee, such a power does not extend to a creditors' committee that asserts causes of action on behalf of the estate. *See Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 342 B.R 416 (S.D.N.Y. 2006). While it is true that any assets brought into the estate through causes of action brought by the Committee against insiders of the Debtor increases the value of the estate, actions by the Committee are taken as a fiduciary and representative for the creditor body, not the estate. For example, should the interests of the creditor body diverge from those of the debtor or the estate, the Committee would owe a duty to the creditors before the estate. *Id.* at 423. This is the fundamental difference between the role and fiduciary duty of a debtor-in-possession or trustee versus a creditors' committee and, thus, why the power to waive a privilege of a debtor is not extended to a creditors' committee. As such, the Committee does not control or share the attorney-client privilege asserted by the Debtor and cannot waive a privilege it does not enjoy.

    Therefore, for the reasons set forth above, the motion to compel as it relates to the Debtor's production of documents subject to attorney-client privilege is denied and it is further ordered that the challenge period is not extended beyond May 2, 2013.

    An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure