**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

November 6, 2014

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Lowenstein Sandler LLP
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Eric H. Horn, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for Debtor*

Francis Euiyoul Noh, Esq.
491 Closter Dock Road (Suite #2)
Closter, New Jersey 07624
*Counsel for DWL Monmouth Inc.*

FILED
JAMES J. WALDRON, CLERK

NOV 06 2014

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Re:   **Big M, Inc.**
      **Case No.: 13-10233 (DHS)**

Dear Counsel:

Before the Court is the third omnibus objection to post-petition administrative expense claims of Big M Inc. (the "Debtor" or "Big M"), which seeks, *inter alia*, to expunge the administrative expense claim (the "Claim") of DWL Monmouth Inc. ("DWL") for rent, tax, and common area maintenance ("CAM") expenses that accrued during the pre-closing period for the

sale of the Debtor's assets pursuant to 11 U.S.C. § 363. The Debtor argues that the Claim should not have been filed as an administrative expense claim but rather as a cure amount objection pursuant to this Court's April 15, 2013 order establishing bidding procedures and procedures relating to the assumption and assignment of leases (the "Bidding Procedures Order")[1] and that it should be expunged because it was not timely filed prior to the deadline established therein. DWL responded to the Debtor's objection (the "Response"), arguing that the Claim was properly filed as an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A)-(B).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTUAL BACKGROUND

The Debtor filed its chapter 11 petition on January 6, 2013. On April 15, 2013, the Court entered the Bidding Procedures Order, which authorized bidding procedures for the sale of substantially all of the Debtor's assets and established procedures in connection with the sale, including procedures for the assumption and assignment of certain executory contracts and unexpired leases. In accordance with the Bidding Procedures Order, the Debtor served DWL,

---

[1] *See* Order Approving Bidding Procedures and Notice of the Auction Relating to the Sale of Substantially All of the Debtor's Assets, (B) Scheduling Hearing to Consider Sale of Substantially All of the Debtor's Assets, (C) Approving Bid Protections and Expense Reimbursement, and (D) Establishing Procedures Relating to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (E) Granting Related Relief (the "Bidding Procedures Order"), April 15, 2013, ECF No. 334.

the landlord and sub-landlord of a shopping center wherein the Debtor was a sub-tenant, with notice (the "Assignment Notice")[2] that its unexpired lease (the "Lease") may be assumed by the Debtor and assigned to a successful bidder. The Assignment Notice set forth a proposed cure amount of $34,802.56 and provided that any objections to this amount were due by May 6, 2013. On May 23, 2013, an order authorizing the sale (the "Sale Order") was entered. On June 7, 2013, the Debtor paid DWL the $34,802.56 cure amount. No objection was raised to the payment by DWL.

On August 26, 2013, DWL filed an administrative expense claim seeking $17,057.20 in rent, tax, and common area maintenance charges that accrued in the period leading up to the May 28, 2013 effective date of sale.[3] The Debtor argues that DWL's Claim was required to have been filed as an objection to the cure amount provided in the Assignment Notice and that it should be expunged because it was not filed prior to the May 6, 2013 deadline established by the Bidding Procedures Order. DWL argues that it could not have filed a timely objection because the proposed cure amount satisfied its claim as of the deadline and that its Claim for additional rent, tax, and CAM expenses accruing after the deadline but prior to the date of the sale constitutes a valid administrative expense claim.

## DISCUSSION

The Court must determine whether DWL's Claim consisting of rent, tax, and CAM charges should have been filed as an objection to the Debtor's proposed cure amount and, if so, whether it is barred because it was not timely filed by the deadline. DWL acknowledges that it

---

[2] *See* Notice of Possible Assumption and Assignment of Certain Unexpired Non-Residential Real Property Leases and Executory Contracts and Cure Amounts ("Assignment Notice"), April 15, 2013, ECF No. 334, Ex. C.
[3] Specifically, DWL alleges that it is owed $5,500 in base rent and $11,557.20 in Tax and CAM charges for this period.

Page 4
November 6, 2014

received the Assignment Notice on April 23, 2013. The Assignment Notice provided that objections to proposed cure amounts were due on May 6, 2013 and that:

> any person or entity receiving notice of the Sale Hearing and this Notice that fails to file a Cure Amount Objection on a timely basis shall (i) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other monetary obligations and amounts with respect to such unexpired lease or executory contract and the Debtor shall be entitled to rely solely upon the Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder or any other assignee of the relevant designated contract or lease that any additional amounts are due or defaults, claims or damages exist under such designated contract or lease.

Assignment Notice, at 3.[4] Because the Debtor's obligation to pay the rent, tax, and CAM charges arose under the Lease, DWL's right to these amounts is clearly covered under this provision as a claim for "additional cure or other monetary obligations with respect to such unexpired lease or executory contract." *See In re HNRC Dissolution Co.*, No. 02-14261, 2006 WL 3883326 at *3 (Bankr. E.D. Ky. Mar. 1, 2006) ("A purported administrative expense claim may be subsumed in a cure claim, however, where, as here, the administrative expense claim is for amounts due under the contract at issue, i.e., the Lease."). Thus, DWL had notice that any claim to such amounts was required to be filed in the form of an objection to the Debtor's proposed cure amount prior to the May 6 deadline and that failure to file a timely objection

---

[4] Similarly, ¶ 11(i) of the Bidding Procedures Order provides:

> Unless the non-debtor party to an unexpired lease . . . serves an objection objecting to the Debtor's stated Cure Amount . . . on or before . . . May 6, 2013 . . . such non-debtor party shall (a) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Leases and Contracts and the Debtor shall be entitled to rely solely upon the Cure Amount, and (b) be forever barred and estopped from asserting or claiming against the Debtor . . . .

Bidding Procedures Order, ¶ 11(i) at 8 of 13, April 15, 2013, ECF No. 334.

would preclude it from subsequently objecting to the proposed amount or asserting any other claims to amounts arising out of the Lease.

DWL argues, however, that it could not have filed an objection to the cure amount provided in the Assignment Notice ($34,802.56) prior to the deadline because the proposed cure amount exceeded the amount of the Debtor's arrearages ($31,272.43).[5] It asserts that a valid objection arose only after the deadline had passed, when additional rent, tax and CAM charges accrued as the Debtor continued to occupy the premises during the pre-closing period.

Even if the cure amount provided in the Assignment Notice was sufficient to cover the arrearages owed to DWL as of the May 6 deadline, as a sophisticated landlord, DWL should have anticipated that additional rent and CAM expenses would continue to accrue and filed a cure claim objection seeking to hold the Debtor liable for any such expenses accruing through the date of the sale. In fact, DWL did anticipate that additional expenses would continue to accrue. In its Response, DWL states: "in considering the on-going Big M's bankruptcy proceeding, [DWL] issued a bill on April 29, 2013 (the '4/29 Bill') for the whole period of the 2nd quarter earlier than usual in the amount of $27,695.75 (Tax $23,723.73: CAM with snow plow charges $3,972.02)." DWL's decision to bill the Debtor for CAM and tax expenses for the entire second quarter a week before the May 6 deadline (and two weeks before those amounts were due) demonstrates that it was well aware that these expenses would continue to accrue after the deadline had passed. Nonetheless, DWL did not file a timely objection reserving its rights to such amounts.

---

[5] DWL states in its response, "[a]s of April 23, 2013, Big M was behind in paying additional rents in the amount of $31,272.43 . . . which is less than the proposed cure amount of $34,802.56."

Moreover, DWL's contention that it was not in a position to assert a claim for additional rents because it could not have known when, if ever, the sale would be consummated is untenable. Despite being in the same position as DWL, no less than 34 landlords filed timely cure amount objections in which they objected to the Debtor's proposed cure amounts and/or asserted the right to any additional rent and CAM expenses accruing after the May 6 deadline. DWL had notice of its obligation to assert a similar claim by the deadline but failed to do so. Accordingly, its attempt to file an administrative claim seeking payment for additional amounts is prohibited by the terms of the Assignment Notice and Bidding Procedures Order and is improper. *See In re HNRC Dissolution Co.*, 2006 WL 3883326 at *3 (denying a lessor's administrative expense claim because the claim was for amounts due under an assumed contract and therefore should have been filed as a cure claim as set forth by court order).

## CONCLUSION

The Court finds that since DWL's Claim is for additional monetary obligations with respect to an assumed lease, it should have been filed as a cure amount objection according to the procedures established by the Bidding Procedures Order. Because DWL had notice of the procedures for filing a cure claim objection and could have asserted a right to additional rent, tax, and CAM expenses, its failure to do so prior to the deadline established by the Bidding Procedures Order precludes it from now asserting a right to these amounts as administrative expenses. Accordingly, DWL's administrative expense claim is denied.

Page 7
November 6, 2014

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure